**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2414
_____

UNITED STATES OF AMERICA

v.

DANIEL P. SCHULTZ,
Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. No. 13-po-000006-001)
District Judge:  Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit LAR 34.1(a)
January 16, 2014
_____

Before: RENDELL, ROTH and BARRY, Circuit Judges

(Opinion Filed: February 5, 2014 )
_____

OPINION
_____

BARRY, Circuit Judge

    Daniel P. Schultz appeals his sentence of two months' imprisonment.  His counsel

filed a motion to withdraw and supporting brief pursuant to *Anders v. California*, 386

U.S. 738 (1967), asserting that there are no non-frivolous issues for appeal.  We will

affirm the judgment of the District Court and grant counsel's motion to withdraw.

## I.

In the early hours of January 31, 2013, park rangers patrolling the Delaware Water Gap National Recreation Area found Schultz asleep in the driver's seat of a car parked along the McDade Trail, which is closed to motorized vehicles, with the keys in the ignition and the engine running. Upon further inspection of Schultz's car, the rangers observed marijuana in the center console and detected the smell of alcohol. They administered an on-site breathalyzer test, which revealed that Schultz's blood alcohol content ("BAC") was 0.12%. The rangers took him into custody and brought him to a nearby ranger station, where he refused to undergo further sobriety testing. The rangers then prepared violation notices charging him with four regulatory offenses: (1) operating a vehicle on national parkland with a BAC above 0.08%, in violation of 36 C.F.R. § 4.23(a)(2); (2) refusal to submit to a BAC test, in violation of 36 C.F.R. § 4.23(c)(2); (3) possession of a controlled substance, in violation of 36 C.F.R. § 2.35(b)(2); and (4) operating a vehicle off a park road, in violation of 36 C.F.R. § 4.10(a).

Schultz was arraigned the same day. At the arraignment, counsel informed the District Court that Schultz had agreed to plead guilty to the operating-under-the-influence offense and, in exchange, the government had agreed to move for dismissal of the three remaining charges. The Court, having already advised Schultz that each of the charged offenses carried a maximum sentence of six months' incarceration, had counsel for the government recite the factual basis for the operating-under-the-influence charge. The

2

Court then engaged Schultz in a short colloquy during which Schultz confirmed that the government's version of events was accurate, that he had driven a vehicle while under the influence of alcohol, and that he was guilty of the offense charged.[1] The Court accepted his plea of guilty, and ordered that a presentence report be prepared. Schultz was released under supervision.

The District Court held a sentencing hearing on April 25, 2013. The Court began by observing that, because of the nature of Schultz's regulatory violation, it was necessary to consider the sentencing factors set forth in 18 U.S.C. § 3553(a) but that the

---

[1] The entirety of the colloquy proceeded as follows:

> THE COURT: Mr. Schultz, have you listened carefully, and do you substantially agree with that information [provided by the government]?
>
> MR. SCHULTZ: Yes, sir.
>
> THE COURT: So let me ask you more particularly, were you driving that vehicle that was mentioned that day under the influence of alcohol?
>
> MR. SCHULTZ: Yes, sir.
>
> THE COURT: And you understand the blood alcohol level that they had determined by the breathalyzer was above the legal limit of .08, is that right?
>
> MR. SCHULTZ: Yes, sir.
>
> THE COURT: So let me ask you, . . . how do you plead to driving with a blood alcohol level above .08?
>
> MR. SCHULTZ: Guilty.

(App. at 23.)

Sentencing Guidelines were inapplicable to his case. Counsel then presented argument regarding Schultz's personal characteristics and history, ranging from his prior criminal convictions and long history of substance abuse to his military service and ongoing familial obligations to his two-year-old daughter, as well as the circumstances surrounding his operation of the vehicle while intoxicated. Schultz apologized for his conduct and asked not to be imprisoned and taken away from his young daughter.

Ultimately, the District Court sentenced Schultz to two months in prison, a term of sentence four months below the statutory maximum. In arriving at this sentence, the Court stated that it had considered the § 3553(a) sentencing factors and the presentation by Schultz's counsel. In addition, it explicitly relied on Schultz's lengthy criminal record, which involved 10 convictions for various crimes, including serious offenses such as attempted burglary and assault; his four-decades-long history of marijuana use; the fact that he tested positive for marijuana shortly after his initial arrest and release in this case, (although subsequent presentencing drug tests were negative and he had otherwise complied with the conditions of his supervision); and the anger issues noted by the Probation Office and displayed during the sentencing hearing when he made "pretty vehement" gestures toward his girlfriend because the couple's daughter was making noise in the courtroom. (App. at 51.) This appeal followed.

## II.

The District Court had jurisdiction pursuant to 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 3742(a) and 28 U.S.C. § 1291.

4

Under *Anders v. California*, if appellate counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." 386 U.S. at 744. "The Court's inquiry when counsel submits an *Anders* brief is thus twofold: (1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001). With respect to the first requirement, counsel submitting an *Anders* brief must (1) "satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and (2) "explain why the issues are frivolous." *Id.*; *see also United States v. Marvin*, 211 F.3d 778, 780-81 (3d Cir. 2000). Counsel is not obligated to "raise and reject every possible claim," but his or her brief must meet the "conscientious examination" standard. *Youla*, 241 F.3d at 300. When performing the second step of our inquiry, "we confine our scrutiny to those portions of the record identified by an adequate *Anders* brief."[2] *Id.* at 301.

Counsel for Schultz has engaged in the thorough and conscientious review of the record required by *Anders* and has submitted an adequate brief in support of his motion to withdraw. From the necessarily small record of the limited proceedings before the District Court, counsel has identified three potential issues for appeal: (1) whether there

_____

[2] Schultz did not file a pro se brief in response to his attorney's motion to withdraw under *Anders*, which he would have been permitted to do. 3d Cir. L.A.R. 109.2(a).

was a sound legal and factual foundation for the Court to punish Schultz's conduct; (2) whether Schultz's guilty plea was knowing and voluntary; and (3) the reasonableness of Schultz's sentence. Counsel summarized the legal authority applicable to each claim, comprehensively addressed the relevant record evidence, and found each claim to lack arguable merit.

Based on our independent review of the record we reach the same conclusion. First, there is no dispute that Schultz's operation of a vehicle while under the influence of alcohol occurred in a national recreation area, which violated 36 C.F.R. § 4.23(a)(2). The Secretary of the Interior was authorized to promulgate that regulation under 16 U.S.C. § 3, and the District Court had jurisdiction over violations of the regulation pursuant to 18 U.S.C. § 3231. Accordingly, there can be no meritorious challenge to the Court's jurisdiction, the lawfulness of the regulation, or application of the regulation to Schultz's operation of a vehicle.

Second, we agree that any challenge to the voluntariness of Schultz's plea would be frivolous. In its plea colloquy with Schultz, the District Court confirmed the facts underlying the charged offense. It failed, however, to provide some of the customary admonitions and warnings to ensure that a guilty plea is knowing and voluntary. These include a warning that, by virtue of a guilty plea, the defendant waives the privilege against compulsory self-incrimination, the right to trial, and the right to confront one's accusers. *See* Fed. R. Crim. P. 11; *Boykin v. Alabama*, 395 U.S. 238, 242-44 (1969). Normally, before it accepts a guilty plea, a district court must make certain that the

6

defendant understands his rights and the consequences of pleading guilty and still desires, of his own volition, to so plead. *United States v. Schweitzer*, 454 F.3d 197, 202-03 (3d Cir. 2006).

Schultz did not object to the sufficiency of the plea colloquy before the District Court and, at no point, has he sought to withdraw his guilty plea. Any challenge to his conviction based on the voluntariness of his plea is, therefore, subject to plain error review. *United States v. Vonn*, 535 U.S. 55, 58-59 (2002); *United States v. Corso*, 549 F.3d 921, 928-29 (3d Cir. 2008). To succeed under this standard, Schultz must demonstrate, among other things, that, but for the Court's error, there is a "reasonable probability that . . . he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004); *Corso*, 549 F.3d at 929. There is nothing in the record, and we have been presented with no extra-record evidence or even argument, suggesting that Schultz would have declined to plead guilty had a more extensive colloquy been conducted.

Finally, the District Court did not commit error in fashioning its sentence. We review a sentence first for procedural and then substantive reasonableness. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc). A substantively reasonable sentence must be based on a "rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)" given the totality of the circumstances. *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc). When assessing the substantive reasonableness of a sentence, we apply the deferential abuse of discretion

7

standard of review and will affirm "unless no reasonable sentencing court would have imposed the same sentence on that particular defendant for the reasons the district court provided." *Tomko*, 562 F.3d at 567-68.

Here, the District Court heard argument from counsel and a statement from Schultz, both of which bore on Schultz's characteristics and history and the circumstances of his offense, relevant considerations under § 3553(a). The Court thoroughly reviewed the facts that it found particularly salient, including Schultz's long criminal record and history of drug abuse, his mixed success under pre-trial supervision, and his apparent anger issues, settling on a sentence far below the statutory maximum. That sentence was well within the bounds of reason, and any substantive attack on it would lack arguable merit.

## III.

For the foregoing reasons, we will affirm the judgment of sentence and grant counsel's motion to withdraw. We also conclude, pursuant to Third Circuit Local Appellate Rule 109.2(b), that the issues presented in this appeal lack legal merit for the purposes of counsel filing a petition for a writ of certiorari in the Supreme Court of the United States.